Ann **HEELEY, as surviving mother and legal representative of Brad Judson Heeley, deceased, Petitioner,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 88–6V.

United States Claims Court.

June 19, 1989.

Drake J. Leoris, Jr., Highland Park, Ill., atty. of record, for petitioner. Leoris & Cohen, P.C., of counsel.

Charles R. Gross, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, and John Lodge Euler, Deputy Director, Torts Branch, Civ. Div., U.S. Dept. of Justice, and Dr. Truman McCasland, Admin., Vaccine Injury Compensation Program, U.S. Dept. of Health and Human Services, for respondent.

ORDER FOR ENTRY OF JUDGMENT *

HARKINS, Senior Judge.

On August 11, 1988, the legal representative of Brad Judson Heeley, deceased, filed a petition pursuant to the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa–1 et seq. (Supp. V 1987) for an award of $250,000 for a vaccine-related death, and for reasonable attorney fees and court costs. The petition was assigned to a Special Master, who proceeded under the authority conferred in 42 U.S.C. § 300aa–12(c).

A Stipulation of Fact, executed by petitioner's attorney of record and by authorized representatives of the Secretary of Health and Human Services and the Attorney General, was filed in the court on April 28, 1989. The parties stipulated that petitioner was entitled to an award of $250,000 under the terms of the National Injury Compensation Program, and to an award of $9,500 for reasonable attorney fees and costs.

On June 13, 1989, the Special Master, filed a report and recommendation pursuant to 42 U.S.C. § 300aa–12(c) and Vaccine Rule 17(d)(4) and (5) of the United States Claims Court. The Special Master analyzed the facts stipulated for compliance with Program requirements, and recommended that, as a matter of law, petitioner is entitled to an award of compensation for a vaccine-related death, and for attorney fees and costs in the amounts stipulated.

 On the basis of the stipulation of fact of the parties, the report of the Special

* This Order may contain information that may not be disclosed to a nonparty. *See* 42 U.S.C. § 300aa–12 (Supp. V 1987). Accordingly, within fourteen (14) days of the date of filing this order, the parties shall designate any material subject to § 300aa–12 and such designated material will be deleted for public access. If on review of this order, there are no objections filed within the fourteen (14) day period, then it shall be deemed that there is no material subject to § 300aa–12.

Master, and review of the record established by the United States Claims Court, the court finds the matters required to be shown in the petition have been demonstrated by a preponderance of the evidence, and that the death was not due to facts unrelated to the administration of the vaccine. 42 U.S.C. § 300aa–13(a)(1). All requirements for an award of compensation under the National Vaccine Injury Compensation Program have been fulfilled and petitioner is entitled to an award of $250,000 for a vaccine-related death. It is also determined that petitioner is entitled to an award of $9,500 to cover reasonable attorney fees and other costs incurred in this proceeding. Accordingly,

IT IS ORDERED: the Clerk shall enter judgment for petitioner in the amount of $259,500. No additional costs.